## CONSTRUCTION OF A WILL WITH REFERENCE TO AFTER-ACQUIRED REAL ESTATE.

Court of Appeals for Richland County.

GEORGE W. STROCK v. JOHN STROCK ET AL.

Decided, March 19, 1917.

*Wills—Testatrix Dies after a Purchase of Real Estate Not Covered by Her Will—Intention of Testatrix Derived from Residuary Clause— And Not from Consideration of the Will as a Whole.*

A will containing the general residuary clause, "the balance and remainder of my property of every kind and description I give and bequeath," etc., covers after-acquired real estate, and in an action for partition of said real estate it will be treated as having passed under the residuary clause.

*James W. Galbraith,* for plaintiff in error.
*James P. Seward* and *Kramer & Jarvis,* contra.

HOUCK, J.

Error to the Court of Common Pleas of Richland County.

The parties to this proceeding in error stand here in the same relation to each other as they stood in the court below.

This is an action brought for the partition of certain real estate described in the petition of the plaintiff and of which the testatrix, Mary Elizabeth Clark, died seized, but said real estate was acquired by her after the execution of her last will and testament.

The conceded facts are as follows: On April 4th, 1910, Mary Elizabeth Clark, who then owned no real estate, made and executed her last will and testament. Her estate at the time, as specifically described in her will, consisted only of mortgage securities, bonds, stocks, money loaned and cash in bank, from which personal estate she gave and bequeathed certain money bequests amounting to about $8,800, leaving a balance of personal property which would pass under a residuary clause of her will in the sum of $10,000; that about two and a half years

after the execution of her will she purchased the real estate described in the petition of plaintiff, and at the time of her death was seized of same. Said testatrix never re-executed or re-published her will. The residuary clause of the will of Mary Elizabeth Clark is as follows:

"Item 10. The balance and remainder of my property of every kind and description I give and bequeath to Curtis King and his wife, Jennie King, and to Roy Sipe and his wife, Alice Sipe, share and share alike; that is, to Curtis King and his said wife the one-half of the amount left after all of the above gifts, and to Roy Sipe and his said wife the other half remaining after all of the above gifts."

The only question to be determined in this case is, does the real estate acquired by the testatrix subsequent to the making of her will pass by the terms and provisions thereof? This question must be solved by a proper, true and correct interpretation of the terms and provisions of the will now before us for construction, but in arriving at the intention of the testatrix it is not necessary to construe the entire will and all of its provisions, if the question to be determined can be ascertained from one clause thereof, which we think is clearly apparent in the instant case, being the residuary clause as contained in item 10. Counsel for plaintiff in error urges that the will before us for construction be construed according to certain rules of construction, and in his printed brief cites many of these rules upon which he relies. True, we have well settled rules for the construction of wills, such as the following: (a) The intent of the testator, the guide in the construction of a will, is to be gathered from a consideration of the entire instrument. (b) The whole will must be construed together, and in the light of the whole will and all the surrounding circumstances each clause is to receive its interpretation. (c) Nothing is more clearly settled or of more frequent application in the construction of a will than the rule requiring the intention of the testator to be gathered from all its parts and not from isolated passages. These rules are sound, but are only applicable when the language used in the will is ambiguous, indefinite and uncertain, or where

different items or clauses of the same will relate to the same sub-
ject-matter, and then it becomes necessary to consider the entire
will or different items therein in order to ascertain the intent of
the testator.  But no such case is presented here, for the reason
that but one item of the will is necessary to be construed for
the purpose of ascertaining whether or not the real estate in
question passed by devise.  Section 10579, General Code of Ohio,
provides as follows:

''Any estate, right or interest, in lands or personal estate or
other property acquired by the testator after making his will,
shall pass thereby, as if held or possessed at the time it was
made, if such manifestly appears by the will to have been his
intention.''

Let us inquire: Does the language used in item 10 of the will
before us plainly and manifestly show upon its face an inten-
tion on the part of the testatrix, Mary Elizabeth Clark, to de-
vise her after-acquired real estate?  We think so.  The language
contained in this item of the will must be interpreted to mean
just what is expressed therein by the words and language used.
The mere fact that we can not understand why the testatrix so
provided, or that such provision is different from what was or
might have been expected will not warrant or justify putting
a construction on said language different from the plain meaning
of the words used therein. The language is clear, plain and unam-
biguous, and we are bound to hold that the intention of the
testatrix, as manifestly shown by the language used in item 10
of her will, was to devise all after-acquired property of which
she might die seized.  It seems to us that this is the natural
and ordinary meaning and import of the language thus used.
To us it seems clear that the language employed is such that
there can not be any doubt as to its being a general residuary
clause:  ''The balance remaining of my property of every kind
and description I give and bequeath,'' etc.

We feel that the law is well settled that such words, in the
residuary clause of a will, wholly and entirely preclude an in-
terpretation to die intestate as to any property of which the
testator may die seized.  The learned counsel for plaintiff in

error relies upon the case of *Wright* v. *Masters et al*, 81 Ohio State, page 304. We have examined it with much care and can not agree with the claim thus made. A careful reading of the opinion in the above cited case (at pages 312 and 313) clearly discloses the fallacy of counsel's contention. Judge Crew, speaking for the court in said case, says:

"This rule of the common law has, however, been so far modified by statute (Section 10579, General Code) in this state, that property acquired by a testator subsequent to the execution of his will, shall pass thereby, if, from the will itself, it shall appear with sufficient clearness that such was the intention of the testator. * * * The language of this statute clearly indicates its limitation, and shows it to have been the purpose of the Legislature to restrict its operation to those cases where the intent of the testator to pass after-acquired property is clearly and sufficiently disclosed in his will. Hence, in every instance the question involved becomes one of construction, and the intent of the testator must be sought in the will itself. The will under consideration in the present case makes no reference whatever in any of its provisions to after-acquired property. The property therein devised by item one to Mary Masters during her life is definitely designated and specifically described, and there is in the provisions of said will no hint or suggestion anywhere of a purpose on the part of the testator to give her more than the property thus specifically described. This will contains no residuary clause, and there is in it no clause, either general or specific, under which the property in controversy would or could pass to Mary Masters as devisee, even if the testator had owned the same at the time he executed said will."

It will be seen that in the case of *Wright* v. *Masters et al*, *supra*, that the will contained no residuary clause, and there was no provision in it, either general or specific, whereby after-acquired property would or could pass to the claimed devisee. But not so in the case at bar. We do find a residuary clause which is specific, definite and certain, and which by the plain language used devises "the balance and remainder of my [testatrix's] property of every kind and description." We therefore are of the opinion that the doctrine laid down in the case of *Wright* v. *Masters et al*, *supra*, is a case which seems to us to be directly in point and decisive of the case at bar, and instead of it being favorable to the contention of plaintiff in error in

this case we are free to say that it is directly in point and fully bears out the claim of the defendants in error.

We wish to call the attention of counsel to the case of *Newton* v. *McKinstry,* 16 Circuit Court (N. S.), page 219. A careful examination of this case as to the facts and the law, as laid down by the learned judge in the opinion, leads us to the conclusion that it is a case directly in point with the instant case, and that the doctrine enunciated therein is also decisive of the question before us.

In view of what we have already said we hold that the will of Mary Elizabeth Clark passed the real estate in controversy, which was acquired by her after the execution of her will. Thus finding, it follows that the judgment of the common pleas court must be affirmed.

Judgment affirmed.

POWELL, J., and SHIELDS, J., concur.